IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES ALAN NOVA, | Case No. 2:13-cv-01085-ST |
| Petitioner, | **OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
| v. | |
| BRAD CAIN, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Janice M. Stewart issued Findings and Recommendation ("F&R") in this case on September 8, 2015. Dkt. 53. Judge Stewart recommended that the First Amended Petition for Writ of Habeas Corpus (Dkt. 19) be denied, the case dismissed with prejudice, and the court decline to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Petitioner timely filed objections to the F&R (Dkt. 55), to which Respondent responded. Dkt. 56. In the response, Respondent objected to the finding that Petitioner alerted the post-conviction relief ("PCR") court to his Ground 8 claim. Respondent does not, however, object to the conclusion denying Petitioner relief on Ground 8. Respondent asserts that the F&R mistakenly pointed to the State's closing argument as evidence that Ground 8 was before the PCR court. The reference in the State's closing to a claim of cumulative error, however, is evidence that the claim was before the PCR court. Further, although Petitioner did not use the word "cumulative" in his petition before the PCR court, he described the basic contours of the claim, as did his counsel in closing argument. *See* Dkts. 31-1 at 89; 31-2 at 148. Accordingly, Respondent's objection the F&R is unavailing.

PAGE 2 – OPINION AND ORDER

Petitioner raises two objections to the F&R rejecting his claims for relief: (1) the denial of Ground 7(C); and (2) the denial of Ground 8. Petitioner also objects to the recommendation that no certificate of appealability be issued. Petitioner argues that the F&R erred in denying his ineffective assistance of counsel claim on Ground 7(C) of his habeas petition because the F&R contains a factual error. According to Petitioner, the F&R relies on an uncharged event in concluding that the PCR court's finding that there was a pause sufficient to justify separate convictions and consecutive sentences under Or. Rev. Stat. (hereinafter "O.R.S.") § 161.067(3) was not an unreasonable determination of the facts. Petitioner also argues that the F&R erred in denying his ineffective assistance of counsel claim on Ground 8 because the F&R failed to consider the cumulative effect that Petitioner's trial attorney's missed impeachment opportunities would have had on the credibility of the prosecution's primary witness.

The Court has reviewed de novo the portions of the F&R to which Petitioner and Respondent objected and has reviewed for clear error those portions to which no objection was filed. The Court agrees with Judge Stewart's analysis and adopts the F&R with the exception of the last paragraph of section III.B.1. The Court agrees with Petitioner that the F&R made a factual error by considering an uncharged act in concluding that the PCR court's finding was not an unreasonable determination of the facts.[1] Accordingly, the Court replaces the last paragraph of section III.B.1 of the F&R with the analysis below.

---

[1] The F&R states, "The first rapes at issue occurred over the course of several hours (between 11:00 p.m. and 5:30 a.m.) and involved multiple locations in the apartment. Petitioner then returned to rape the victim again after he had gotten dressed and she had fallen asleep." Dkt. 53 at 11. Petitioner was not charged with rape for the sexual encounter that occurred after the victim had fallen asleep. Petitioner was charged with three counts of rape for events that occurred on the victim's couch, bedroom chair, and bed between approximately 11:00 p.m. and 5:30 a.m. These three rapes are the acts between which the PCR court determined there was "sufficient pause" under O.R.S. § 161.067(3).

### III.B.1 REPLACEMENT ANALYSIS

To obtain habeas relief under 28 U.S.C. § 2254(d)(2), a petitioner must show that the state court's adjudication of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The Ninth Circuit has interpreted § 2254(d)(2) to mean that "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). In conducting this review, a federal court "must be particularly deferential to our state-court colleagues." *Id.* at 1000. Although "deference does not imply abandonment or abdication of judicial review," the state court's decision "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003).

If the state court's decision survives this review, "the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based on extrinsic evidence, *i.e.*, evidence presented for the first time in federal court." *Taylor*, 366 F.3d at 1000; *see also* 28 U.S.C. § 2254(e)(1) (providing that any "determination of a factual issue made by a State court shall be presumed to be correct"). The habeas applicant may "rebut[] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Ninth Circuit has noted that "the presumption of correctness and the clear-and-convincing standard of proof only come into play once the state court's fact-findings survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference implicit in the 'unreasonable determination' standard of section 2254(d)(2)." *Taylor*, 366 F.3d at 1000.

Here, Petitioner raises only an intrinsic challenge to the PCR court's decision. Petitioner presents no new evidence for the first time in federal court. This Court must thus uphold the PCR

court's determination that there was a sufficient pause during Petitioner's conduct unless the Court finds that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner was convicted on three counts of Rape in the First Degree. The three rapes occurred on the night of March 14, 2004, between approximately the hours of 11:00 p.m. and 5:40 a.m. the next morning. Dkt. 32-1 at 9, 35, 59, 172. Petitioner raped his ex-girlfriend ("J.F") on her living room couch until she "squirmed on to the end of the couch." *Id.* at 38. That rape lasted approximately a minute, although the two were in the living room for five to ten minutes while J.F. tried to convince Petitioner to stop or to leave the house. *Id.* at 38, 43; Dkt. 31-1 at 128. Petitioner may have allowed J.F. to use the bathroom after the encounter on the couch and before continuing the attack. Dkt. 31-1 at 119-20. Petitioner then "pulled" J.F. into her bedroom and raped her on a bedroom chair for between 30 and 60 minutes. Dkt. 32-1 at 48, 50. After the encounter on the chair, Petitioner "took [J.F.] by [her] arms" and moved her to the bed, possibly to "be more comfortable." *Id.* at 56. He removed his clothes fully. *Id.* at 62. He also paused to put a condom on and began to "chok[e] or kind of suffocate[e]" J.F. *Id.* at 51, 53; Dkt. 31-1 at 125. On the bed, Petitioner once again raped J.F. until he let her use the bathroom a second time and fall asleep. Dkt. 32-1 at 57-62. Although Petitioner and J.F. had a fourth sexual encounter in the morning of March 15, Petitioner was not charged with a fourth count of rape.

A sufficient pause requires "a temporary or brief cessation of a defendant's criminal conduct that occurs between repeated violations and is so marked in scope or quality that it affords a defendant the opportunity to renounce his or her criminal intent." *State v. Huffman*, 234 Or. App. 177, 184 (2010). There is such a cessation "only if one assault ended before the other began. The mere passage of time, by itself, does not establish that one assault ended before the

other began." *State v. Sanders*, 185 Or. App. 125, 130, (2002), *opinion adhered to as modified on reconsideration*, 189 Or. App. 107 (2003). A sufficient pause does not exist where there is "no evidence of a pause in defendant's conduct of any measurable duration." *State v. King*, 261 Or. App. 650, 654 (2014) (citing *Sanders*, 186 Or. App. at 130). It is not enough for the victim to escape for "a span of three to four seconds" to pull an alarm before the defendant resumes the attack. *State v. Watkins*, 236 Or. App. 339, 341, 236 P.3d 770, 771 (2010). There is, however, a sufficient pause where "something of significance" occurs between assaults, such as when a third-party intervenes. *King*, 261 Or. App. at 656.

Here, the three rapes occurred in three different locations in J.F.'s apartment. Petitioner physically moved J.F. from the couch, to the chair, and finally to the bed. While on the couch, the attack stopped temporarily as J.F. pleaded with him and possibly used the bathroom. Petitioner then took J.F. into the bedroom and assaulted her on the chair. Between the chair and the bed, the attack stopped temporarily while Petitioner put on a condom and fully removed his clothes. These facts support a determination that Petitioner could have renounced his criminal intent during any of the pauses or while moving locations from the couch to the chair and then to the bed. Based on the factual record before the State court, the PCR court's conclusion that a sufficient pause occurred between the three attacks was not objectively unreasonable. Thus, the record before the State court supports the PCR court's conclusion that Petitioner was not prejudiced by his counsel's failure to object to the consecutive sentences.[2] Ground 7(C) does not entitle Petitioner to habeas corpus relief.

---

[2] The evidence before the PCR court was less strong supporting a pause between the rapes occurring on the chair and the bed. Even if, however, it was unreasonable in light of the evidence presented for the PCR court to determine that there was a sufficient pause between those two rapes, Petitioner fails to meet his burden to show ineffective assistance of counsel. Petitioner fails to show prejudice from his trial counsel's failure to argue against consecutive

**CONCLUSION**

Judge Stewart's F&R is hereby ADOPTED IN PART. The F&R is adopted, with the exception of the last paragraph of section III.B.1, which is replaced by the analysis herein. Petitioner's First Amended Petition for Writ of Habeas Corpus (Dkt. 19) is DENIED and this proceeding is DISMISSED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 5th day of October, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

sentences for the rapes occurring on the chair and the bed. Even assuming the rapes on the chair and bed were one crime subject to one sentence, because it was not unreasonable for the PCR court to conclude that there was a sufficient pause between the rapes occurring between the couch and the chair/bed, Petitioner was subject to separate convictions and consecutive sentences for those two rapes. Those two rapes carried a sentence of 100 months each, for a potential sentence of up to 200 months. Petitioner received a sentence of only 140 months. *See* Dkt. 31-1 at 1-3.